Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005273
29-AUG-2014
08:14 AM

CAAP-13-0005273

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WILLIAM A. CORNELIO, III, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 13-1-0007(2); CR NO. 94-0590(2))


MEMORANDUM OPINION
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)


Petitioner-Appellant William A. Cornelio, III
(Cornelio), appeals from the "Findings of Fact, Conclusions of
Law, and Judgment Denying [Hawaiʻi Rules of Penal Procedure
(HRPP)] Rule 40 Petition for Post-Conviction Relief" (Order
Denying Petition), which was filed on November 4, 2013, by the
Circuit Court of the Second Circuit (Circuit Court).[1]

On July 25, 2013, Cornelio filed a "Petition for Post-
Conviction Relief" (2013 Petition) pursuant to HRPP Rule 40
(2006), which underlies this appeal. The sole ground for relief
Cornelio alleged in the 2013 Petition was that his sentence was
illegal in violation of Hawaii Revised Statutes (HRS) § 706-609
(1993). HRS § 706-609 provides, in relevant part: "When a
conviction or sentence is set aside on direct or collateral

_____

[1] The Honorable Peter T. Cahill presided over the proceedings at issue
in this appeal.

attack, the court shall not impose a new sentence for the same offense . . . which is more severe than the prior sentence." In his 2013 Petition, Cornelio claimed that his sentence was illegal, in violation of HRS § 706-609, because the Third Amended Judgment entered on June 7, 2000, and the Fourth Amended Judgment entered on September 13, 2011, were more severe than the Second Amended Judgment entered on February 3, 2000. The Circuit Court denied Cornelio's 2013 Petition without a hearing.

On appeal, Cornelio contends that the Circuit Court erred in denying his 2013 Petition without a hearing because Cornelio claims his sentence was imposed in violation of HRS § 706-609. As explained below, we conclude that Cornelio's appeal is without merit and that the Circuit Court properly denied Cornelio's 2013 Petition without a hearing.

BACKGROUND

I.

In his underlying criminal case, Cornelio was convicted as charged in 1995 of first-degree terroristic threatening, in violation of HRS § 707-716(1)(d) (1993) (Count One); place to keep firearm, in violation of HRS § 134-6(c) (1993) (Count Two); prohibited possession of a firearm, in violation of HRS § 134-7(b) (1993) (Count Three); prohibited possession of firearm ammunition, in violation of HRS § 134-7(b) (Count Four); and possession of a prohibited firearm or device, in violation of HRS § 134-8 (1993) (Count Five). Cornelio's convictions arose out of a brawl in which Cornelio retrieved a sawed-off shotgun from the trunk of his car, loaded the shotgun with ammunition, and pointed the shotgun at Vahafolau Faleta.

Cornelio was sentenced to five-year indeterminate maximum terms of imprisonment as to Counts One and Five and to ten-year indeterminate maximum terms of imprisonment as to Counts Two, Three, and Four. The Circuit Court ordered that all of Cornelio's indeterminate maximum terms of imprisonment be served consecutively, resulting in a total indeterminate maximum term of imprisonment of forty years. The Circuit Court also imposed the

2

following mandatory minimum terms of imprisonment: (1) three years and four months as to Count One, pursuant to HRS § 706-660.1(2)(b) (1993), based on Cornelio's use of a firearm in the commission of a felony and his being convicted of a second firearm felony offense; (2) three years and four months as to Counts Two through Four, pursuant to HRS § 706-606.5 (1993 & Supp. 1996), based on Cornelio's status as a repeat offender; and (3) one year and eight months as to Count Five, pursuant to HRS § 706-606.5, based on Cornelio's status as a repeat offender. The Circuit Court ordered that all the mandatory minimum terms of imprisonment be served consecutively, resulting in a total mandatory minimum term of fifteen years.  The Circuit Court entered its Judgment on October 13, 1995, and an Amended Judgment on December 20, 1995.  Cornelio filed a notice of appeal from the Judgment and an amended notice of appeal from the Amended Judgment.

In his direct appeal, Cornelio did not challenge the Circuit Court's imposition of consecutive indeterminate maximum terms of imprisonment on Counts One through Five.  State v. Cornelio, 84 Hawaiʻi 476, 480, 935 P.2d 1021, 1025 (1997) ("Cornelio does not challenge the consecutive character of the indeterminate maximum terms of his sentence.")  Instead, Cornelio only challenged the Circuit Court's decision to run his mandatory minimum terms of imprisonment consecutively.  Id. at 483 & n.20, 935 P.2d at 1028 & n.20.  The Hawaiʻi Supreme Court held that "any mandatory minimum terms of imprisonment imposed pursuant to HRS § 706-606.5 in connection with a multicount indictment must be served concurrently with one another[,]" but that "a defendant subjected to mandatory minimum terms of imprisonment pursuant to HRS § 706-660.1 may . . . be sentenced to serve them consecutively to any mandatory minimum terms imposed pursuant to HRS § 706-606.5."  Id. at 480, 935 P.2d at 1025.  Based on this analysis, the supreme court held that the Circuit Court erred in ordering that the mandatory minimum terms imposed pursuant to HRS § 706-606.5 on Counts Two through Five be served consecutively,

3

but that the Circuit Court did not err in ordering that the mandatory minimum term imposed pursuant to HRS § 706-660.1 on Count One be served consecutively to the mandatory minimum terms imposed on Counts Two through Five. Id. at 480, 488, 494-95, 935 P.2d at 1025, 1033, 1039-40. Accordingly, the supreme court affirmed the Circuit Court's sentence with respect to Count One, but it vacated Cornelio's sentence with respect to Counts Two through Five and remanded the case "to the circuit court for resentencing as to those counts in a manner consistent with this opinion." Id. at 495, 935 P.2d at 1040.

II.

On remand, Cornelio appeared on May 13, 1997, for resentencing pursuant to the supreme court's opinion. However, the Circuit Court's minutes of the resentencing hearing, and the Second Amended Judgment subsequently entered by the Circuit Court on February 3, 2000, reflected that both the indeterminate maximum terms of imprisonment and the mandatory minimum terms of imprisonment on Counts Two through Five were to run concurrently to each other, and consecutively to the sentence imposed on Count One.

On May 26, 2000, Respondent-Appellee State of Hawai'i (State) filed a "Motion to Correct Minutes and Second Amended Judgment." In support of this motion, the State submitted the declaration of a Deputy Prosecuting Attorney, which stated in relevant part:

> 4.    That on May 13, 1997, consist[e]nt with the Supreme Court Opinion, [Cornelio's] mandatory minimum was changed to a total of six (6) years and (8) months, instead of a total of fifteen (15) years;
>
> 5.    That the May 13, 1997 Minutes and the "Second Amended Judgment", filed February 3, 2000, inaccurately state that [Cornelio's] indeterminate sentence in Counts Two though Five run concurrently, rather than only the mandatory minimum. . . . ;
>
> 6.    That the Minutes and Judgment need to be corrected to accurately reflect that the total indeterminate sentence is forty (40) years (all counts running consecutively) . . . ; and

4

      7.    That Declarant has spoken with Defense Attorney Vickie Russell, Esq. and she agrees that the Minutes and Second Amended Judgment are inaccurate and need to be corrected.

After a hearing on the State's motion held on June 1, 2000, the Circuit Court granted the State's motion. On June 7, 2000, the Circuit Court filed its Third Amended Judgment, which stated that "ALL INDETERMINATE TERMS TO RUN CONSECUTIVE TO EACH OTHER FOR A TOTAL OF FORTY YEARS."

III.

In 1997 and 2005, Cornelio filed HRPP Rule 40 petitions challenging his convictions, which were denied by the Circuit Court. The Hawai'i Supreme Court affirmed the Circuit Court's denials of Cornelio's HRPP Rule 40 petitions. In 2007, Cornelio filed a motion for clarification of his sentence and a motion for the correction of illegal sentence, which challenged the Circuit Court's imposition of consecutive sentences. The Circuit Court denied the motions, and this court dismissed Cornelio's appeals from these denials because he failed to pay the filing fee or submit a motion to proceed in forma pauperis.

In 2007, Cornelio also filed a third HRPP Rule 40 petition, in which he argued that the convictions and sentences imposed on Counts Two through Five in the Third Amended Judgment violated the double-jeopardy and cruel-and-unusual-punishment clauses of the United States and Hawai'i Constitutions. The Circuit Court denied Cornelio's third HRPP Rule 40 petition without a hearing, and Cornelio appealed to this court. We held that in light of State v. Auwae, 89 Hawai'i 59, 968 P.2d 1070 (App. 1998), "Cornelio raised a colorable claim that he was improperly punished for both Count 3, the prohibited-possession-of-firearm charge, and Count 4, the prohibited-possession-of-ammunition charge, and the circuit court should have held a hearing on this claim." Cornelio v. State, No. 28684, 2008 WL 5064906, at *5 (Hawai'i App. Nov. 25, 2008) (memorandum opinion). We further held that Cornelio did not raise a colorable claim that he received improper multiple

5

punishments based on his convictions on Counts 2, 3, and 5. <u>Id.</u> at *5-6. We vacated (1) the Circuit Court's order denying Cornelio's third HRPP Rule 40 petition and (2) the part of the Third Amended Judgment that imposed sentences as to Count 3 and Count 4, and we remanded the case for further proceedings consistent with our opinion. <u>Id.</u> at *6.

On July 14, 2011, the State filed a motion to resentence Cornelio as to Count Three and to dismiss Count Four. On September 13, 2011, the Circuit Court granted the State's motion to dismiss Count Four. On the same date, the Circuit Court issued the Fourth Amended Judgment, which stated: "COUNTS 1, 2, 3, & 5 TO RUN CONSECUTIVE TO EACH OTHER FOR A TOTAL OF THIRTY (30) YEARS."

IV.

On July 25, 2013, Cornelio filed his 2013 Petition, which raised as its sole ground that Cornelio's sentence was illegal because it violated HRS § 706-609. In his statement of supporting facts, Cornelio asserted that the Third Amended Judgment and Fourth Amended Judgment violated HRS § 706-609 because they were more severe than the Second Amended Judgment. The Circuit Court denied the 2013 Petition without a hearing, and this appeal followed.

DISCUSSION

On appeal, Cornelio argues that the Circuit Court erred in denying his 2013 Petition without a hearing because the sentences imposed after the Second Amended Judgment violated HRS § 706-609. Cornelio does not challenge his mandatory minimum terms of imprisonment, which have already expired, but only his indeterminate maximum terms of imprisonment. Cornelio contends that "once he was correctly sentenced" to a total indeterminate term of imprisonment of fifteen years in the Second Amended Judgment, he could not be resentenced more severely for the same offenses.

Cornelio's argument fails because it is based on the erroneous assumption that the sentence reflected in the Second

6

Amended Judgment is a valid and proper sentence to use in applying HRS § 706-609.  As noted, HRS § 706-609 provides, in relevant part: "When a conviction or sentence is set aside on direct or collateral attack, the court shall not impose a new sentence for the same offense . . . which is more severe than the prior sentence."  Cornelio filed a direct appeal of his sentence, which imposed consecutive indeterminate maximum terms of imprisonment totaling forty years, as well as consecutive mandatory minimum terms of imprisonment.  On direct appeal, Cornelio did not challenge his consecutive indeterminate maximum terms of imprisonment, but only his consecutive mandatory minimum terms.  Therefore, the supreme court only addressed Cornelio's mandatory minimum terms.  The supreme court held that the consecutive mandatory minimum terms as to Counts Two through Five were improper.  Cornelio, 84 Hawai'i at 480, 494, 935 P.2d at 1025, 1039.  Accordingly, it vacated Cornelio's sentence with respect to Counts Two through Five, and it remanded the case to the Circuit Court for resentencing as to those counts in a manner consistent with its opinion.  Id. at 495, 935 P.2d at 1040.

However, despite Cornelio's failure to challenge his indeterminate maximum terms of imprisonment on appeal, and even though the supreme court's opinion did not indicate any impropriety in the imposition of consecutive indeterminate maximum terms of imprisonment on Counts Two through Five, the Circuit Court on remand entered the Second Amended Judgment which changed the indeterminate terms of imprisonment for Counts Two through Five from running consecutively to running concurrently. The State subsequently moved to correct the sentence, and it represented that Cornelio's counsel acknowledged that the Second Amended Judgment was inaccurate and needed to be corrected.  The Circuit Court granted the State's motion and entered the Third Amended Judgment, which imposed all indeterminate terms of imprisonment consecutively, for a total of forty years.

7

Under the circumstances, it is clear that the Circuit Court's changing the indeterminate maximum terms of imprisonment on Counts Two through Five from consecutive to concurrent in the Second Amended Judgment was inconsistent with the supreme court's opinion and therefore, was improper. The Circuit Court corrected this error in the Third Amended Judgment, which consistent with the supreme court's opinion imposed consecutive indeterminate terms of imprisonment on Counts Two through Five.

With respect to the Third Amended Judgment, for purposes of HRS § 706-609, the proper comparison is between the sentence imposed before the supreme court's opinion and the sentence imposed after the supreme court's opinion. The sentence imposed before the supreme court's opinion was a total indeterminate maximum term of imprisonment of forty years, which is the same sentence imposed by the Third Amended Judgment. Therefore, the Third Amended Judgment did not "impose a new sentence for the same offense . . . which is more severe than the prior sentence," and the Circuit Court did not violate HRS § 706-609 in entering the Third Amended Judgment.

After this court's 2008 Memorandum Opinion, which considered the sentence imposed by the Third Amended Judgment, the Circuit Court dismissed Count Four and entered the Fourth Amended Judgment, which reduced Cornelio's total indeterminate maximum term of imprisonment from forty years to thirty years. The Fourth Amended Judgment, which sets forth Cornelio's current sentence, is not more severe than the Third Amended Judgment and did not violate HRS § 706-609. Accordingly, we conclude that Cornelio's claim that his sentence is illegal because it was imposed in violation of HRS § 706-609 is without merit.[2]

---

[2] Cornelio also suggests that HRS § 706-606.5 precluded the imposition of consecutive indeterminate terms of imprisonment on his convictions. This claim is likewise without merit. HRS § 706-606.5 governs the imposition of mandatory minimum terms of imprisonment for repeat offenders and does not control the imposition of indeterminate terms of imprisonment. HRS § 706-668.5 controls the imposition of indeterminate terms of imprisonment, and it gave the Circuit Court discretion to impose indeterminate terms of imprisonment consecutively or concurrently on Cornelio's convictions.

CONCLUSION

For the foregoing reasons, we affirm the Circuit Court's Order Denying Petition.

DATED: Honolulu, Hawai'i, August 29, 2014.

On the briefs:

William A. Cornelio, III
Petitioner-Appellant Pro Se

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

9